**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4170**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SHAWN PATRICK GREENE,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:09-cr-00089-F-1)

———————————

Submitted:  October 20, 2014        Decided:  October 28, 2014

———————————

Before GREGORY and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Patrick Greene appeals the twenty-four-month sentence imposed following the revocation of his term of supervised release. Before this court, Greene asserts several bases for his contention that this sentence is plainly substantively unreasonable. For the reasons that follow, we reject his arguments and affirm the revocation judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. United States v. Crudup, 461 F.3d 433, 437-38 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Id. at 438.

A revocation sentence is procedurally reasonable if the district court has considered both the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors identified in 18 U.S.C. § 3583(e) (2012). Id. at 439. The district court must also explain the chosen sentence, although this explanation "need not

be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

If, after considering the above, we decide that the sentence is reasonable, we will affirm. Id. at 439. Only if we find the sentence to be procedurally or substantively unreasonable will we evaluate whether it is "plainly" so. Id.

Against these principles, we readily conclude that Greene's sentence is reasonable. The sentence is within the two-year statutory maximum authorized for the underlying Class C felony offense that resulted in the supervised release order. See 18 U.S.C. §§ 472, 3559(a)(3), 3583(e)(3) (2012). Our review of the record confirms that the district court considered the advisory policy statement range of five to eleven months' imprisonment, the calculation of which was not disputed in the district court and is not challenged on appeal, and heard the parties' arguments regarding the appropriate sentence to be imposed.

Furthermore, the district court drew upon the § 3553(a) factors enumerated in § 3583(e) in sentencing Greene. The record makes patently clear that, despite the district

3

court's prior lenient treatment, Greene simply could not (or would not) abide by the terms of his supervised release in that he frequently smoked marijuana. There is no doubt that Greene's repeated and unabated drug use was at the cornerstone of the district court's decision to impose the statutory maximum sentence in this case. We do not find persuasive Greene's contention that the sentence is excessive because he is unable to manage his marijuana addiction and his conduct did not endanger the public. See Crudup, 461 F.3d at 440 (holding that imposition of statutory maximum term of imprisonment was substantively reasonable, given that the district court expressly relied on defendant's "admitted pattern of violating numerous conditions of his supervised release[,]" despite several extensions of leniency by the district court).

Greene's next contention — that a two-year sentence is greater than necessary to allow Greene to accept that he has a serious drug problem — is likewise unavailing. To the contrary, the probation office did everything in its power to help Greene conquer his addiction without seeking an additional term of incarceration, but it was incumbent upon Greene to avail himself of the treatment options secured for and provided to him. This he simply would not do, thus confirming the necessity of a lengthy term of incarceration.

4

Finally, Greene maintains that the two-year sentence is contrary to one of the purposes of imposing a revocation sentence:  to provide the defendant with education or vocational training.  See 18 U.S.C. § 3553(a)(2)(D).  Greene points out that serving a two-year prison term will waylay his efforts to graduate from a technical college.  But the revocation sentence is designed to punish the defendant's failure to abide by the terms of his supervised release, Crudup, 461 F.3d at 438 ("'[T]he sentence imposed upon revocation [is] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision.'" (second alteration in original) (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b))), and the district court's comments make plain that it chose the twenty-four-month sentence to sanction Greene's substantial breach of the trust and leniency that the court previously afforded him.

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5